UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISSA BURTON,<br><br>  Plaintiff,<br><br>  v.<br><br>CHILD WELFARE SERVICES, et al.,<br><br>  Defendants. | No. 2:24-cv-02000-DC-DMC<br><br>ORDER DISMISSING THIS ACTION DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE |

On October 31, 2024, the court issued an order directing Plaintiff to show cause, within seven days, "why this action should not be dismissed due to Plaintiff's failure to prosecute and failure to obey court orders, including the Local Rules." (Doc. No. 17.) Plaintiff's deadline to respond to that order has now passed, and Plaintiff has not filed a response or a request for an extension of time in which to do so.

In light of Plaintiff's failure to timely respond to the order to show cause, repeated failures to meaningfully meet and confer with defense counsel as required (*see* Doc. No. 3 at 2; 11 at 2), and failure to file an opposition or statement of non-opposition to Defendants' pending motion to dismiss, it appears that Plaintiff no longer wishes to prosecute this action but rather has abandoned the litigation. Indeed, the docket in this case reflects that since Defendants' removal of this action on July 23, 2024, Plaintiff has not filed any document whatsoever in this case.

In determining whether to dismiss a case for lack of prosecution, courts consider the

1

follow factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998).

In addition, the Local Rules of this court provide that the failure of a party to comply with any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. *Id.*; *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint), *as amended* (May 22, 1992).

Here, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to Defendants all support the imposition of the sanction of dismissal here. Only the public policy favoring disposition on the merits counsels against dismissal. However, Plaintiff's failure to prosecute this action makes disposition on the merits an impossibility. Finally, with respect to availability of less drastic sanctions, the court has considered alternative measures. The issuance of yet another order to show cause would be futile under the circumstances presented.

Accordingly, this action will be dismissed due to plaintiffs' failure to prosecute and failure to comply with the court's orders.

For the reasons set forth above,

1. This action is dismissed, without prejudice, due to Plaintiff's failure to respond to the October 31, 2024 order to show cause (Doc. No. 17), failure to prosecute this action, and failure to obey court orders, including the Local Rules;

2. Defendants' pending motion (Doc. No. 11) is denied as having been rendered moot by this order; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 3, 2024**

                                             Dena Coggins
                                             United States District Judge

3